# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE GONZALEZ | : | CIVIL ACTION |
|       Petitioner | : | |
|   v. | : | |
| | : | |
| JEFFREY BEARD, et al. | : | |
|       Respondents | : | No. 10-4824 |

## MEMORANDUM AND ORDER

AND NOW, this 14th day of November, 2012, upon consideration of the motion for relief from judgment filed by petitioner Jose Gonzalez pursuant to Federal Rule of Civil Procedure 59(e), and the response filed by the Respondents, I make the following findings and conclusions:

    1.    In 2005, Gonzalez was convicted of murder in the first degree and conspiracy. He was sentenced to life imprisonment and a concurrent term of 20-40 years imprisonment. Gonzalez's conviction was affirmed on direct and collateral appeal.

    2.    On September 10, 2010, Gonzalez filed a timely federal pro se petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, arguing that (1) the evidence at trial was insufficient to support his convictions; and (2) the jury instructions for accomplice liability and first degree murder unconstitutionally relieved the state of its burden of proof. On September 28, 2012, I denied the habeas petition and determined that there was no basis for a certificate of appealability.

    3.    On October 15, 2012, Gonzalez filed the instant Rule 59(e) motion to alter or amend a judgment. See Fed. R. Civ. P. 5(e). He contends that my decision to deny both of his habeas claims was contrary to the record and based on an unreasonable determination of the facts.

    4.    Gonzalez is not entitled to relief under Rule 59(e). In discussing the standard of relief under Rule 59(e), the Third Circuit Court of Appeals has stated:

> The scope of a motion for reconsideration, we have held, is extremely limited. Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence. Howard Hess Dental Labs., Inc.

> v. Dentsply Int'l Inc., 602 F.3d 237, 251 (3d Cir. 2010). "Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [denied the petition for writ of habeas corpus]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (quotation marks omitted) (emphasis added).

Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011).

     5.    Here, Gonzalez's Rule 59(e) motion must be denied because it is an attempt to relitigate his habeas petition. He does not point to a an intervening change in the controlling law or new evidence. To the extent that Gonzalez attempts to point to a "clear error of law" that would compel reconsideration, I find that he merely sets forth the same arguments presented, and rejected, in his original habeas petition. For example, in addressing his sufficiency of the evidence argument, Gonzalez asks me to re-evaluate his role in the murder of Hipolito Sanabria. However, Gonzalez simply reiterates the same evidence presented in his original habeas petition. In doing so, he fails to establish that there was insufficient evidence satisfying his conviction for first degree murder, conspiracy to commit first degree murder and conspiracy to commit aggravated assault. In a similar manner, Gonzalez fails to present any "clear error of law" that would compel reconsideration of my decision that the jury instructions in this case did not alleviate the Commonwealth of its burden of proof.

     6.    Gonzalez's arguments to amend or alter judgment are unpersuasive. Because he has not presented any evidence of an error of law or misapplication of law to the facts which would lead me to vacate that decision, his Rule 59(e) motion is without merit.

As a result, it is hereby **ORDERED** that motion for relief pursuant to Federal Rule of Civil Procedure 59(e) is **DENIED**.

/s/ William J. Ditter, Jr.
J. WILLIAM DITTER, JR., J.